United States District Court
Southern District of Texas
FILED

OCT 11 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY OLVERA, individually and as representative of the estate of DAVID OLVERA, deceased, and next friend of JACLYN OLVERA, DEBBIE OLVERA and IRIS OLVERA, minor children<br><br>vs.<br><br>JUAN JOSE TREVINO, PEDRO DOMINGUEZ and JUAN MANUEL SALINAS, Individually and in their official capacities as police officers, BROWNSVILLE POLICE DEPARTMENT and CITY OF BROWNSVILLE | CIVIL ACTION NO. B-01-173<br><br>(JURY REQUESTED) |

## PLAINTIFFS' ORIGINAL COMPLAINT

### INTRODUCTION

1. This civil rights lawsuit arises from the use of excessive force during the seizure of DAVID OLVERA, deceased. Compensatory and punitive damages are sought against the police officers involved in the unreasonable use of force, JUAN JOSE TREVINO, PEDRO DOMINGUEZ and JUAN MANUEL SALINAS. Compensatory damages are sought against the BROWNSVILLE POLICE DEPARTMENT and the CITY OF BROWNSVILLE. Attorneys' fees and experts fees are sought from all defendants.

## JURISDICTION AND VENUE

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

3. Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper pursuant to 28 U.S.C. § 1391 in that the Defendants and Plaintiffs reside and the cause of action arises in the Southern District of Texas, Brownsville Division.

## PARTIES

5. Plaintiffs are the surviving spouse and minor children of DAVID OLVERA, deceased, and are authorized to bring suit pursuant to section 71.004 of the Texas Civil Practice and Remedies Code. MARY OLVERA, an adult resident of Brownsville, Texas brings suit individually, as representative of the estate of DAVID OLVERA and as next friend of JACLYN OLVERA, DEBBIE OLVERA and IRIS OLVERA.

6. Defendants JUAN JOSE TREVINO, PEDRO DOMINGUEZ and JUAN MANUEL SALINAS (hereinafter referred to as "TREVINO", "DOMINGUEZ" and "SALINAS", respectively and the "OFFICERS", collectively) are adult residents of Brownsville, Texas and, at all times material to this suit, were police officers employed by the BROWNSVILLE POLICE DEPARTMENT and the CITY OF BROWNSVILLE.

7. Defendant, the BROWNSVILLE POLICE DEPARTMENT (hereinafter referred to as "B.P.D."), is an agency of the CITY OF BROWNSVILLE and, at all times material to this suit, was the employer of the Defendant OFFICERS.

2

8. Defendant, the CITY OF BROWNSVILLE (hereinafter referred to as "CITY"), is a political subdivision of the State of Texas and, at all times relevant to this suit, was the employer of the Defendant OFFICERS.

## FACTS

9. Shortly after 9:00 a.m. on October 1, 2000, Defendants TREVINO, DOMINQUEZ and SALINAS arrived at Plaintiffs' residence located at 228 Paredes Line Road in Brownsville, Texas.

10. Upon exiting their vehicles, all three OFFICERS immediately drew their firearms and entered the property where they were met by the Plaintiffs.

11. The Plaintiffs advised the three OFFICERS that DAVID OLVERA did not have a weapon and pleaded that he not be harmed.

12. Continuing to brandish their firearms, TREVINO and SALINAS entered the residence while DOMINGUEZ proceeded toward the backyard where DAVID OLVERA was standing.

13. DOMINGUEZ leveled his firearm at DAVID OLVERA and called out to TREVINO and SALINAS in the house.

14. TREVINO and SALINAS immediately exited the house through the front door and proceeded toward the backyard.

15. The Plaintiffs followed TREVINO and SALINAS toward the backyard while continuing to advise them that DAVID OLVERA did not have a weapon and plead that he not be harmed.

3

16. Upon entering the backyard, TREVINO and SALINAS also leveled their firearms at DAVID OLVERA.

17. DAVID OLVERA was standing approximately 20 to 30 feet from the OFFICERS with his hands in the air.

18. DAVID OLVERA was unarmed and was not fleeing the scene.

19. Despite the fact that DAVID OLVERA did not pose a serious and immediate threat to their safety or the safety of others, all three OFFICERS discharged their firearms in the direction of DAVID OLVERA.

20. DAVID OLVERA was struck five times and died approximately one hour later from the gunshot wounds inflicted by the OFFICERS.

21. Distraught by what they had just witnessed, the Plaintiffs attempted to approach their mortally wounded husband and father, but were physically prevented from doing so by the OFFICERS. The OFFICERS went so far as to handcuff DEBBIE OLVERA and place her into the back seat of a patrol car. The three minor Plaintiffs were then taken to police headquarters and were detained and questioned for four hours prior to their release.

22. The OFFICERS attempted to cover-up their unreasonable use of deadly force by, *inter alia*, planting a knife beside DAVID OLVERA's body and claiming that DAVID OLVERA had threatened and, eventually, attacked them with said knife.

23. At all times relevant hereto, Defendants TREVINO, DOMINGUEZ and SALINAS were acting under color of law.

24. At all times relevant hereto, it was clearly established that the use of deadly force during the seizure of an unarmed suspect is unreasonable and violates rights guaranteed by the Constitution of the United States of America.

25. The actions of the Defendant OFFICERS were intentional, wanton, malicious and oppressive, thus entitling Plaintiffs to an award of punitive damages.

26. DAVID OLVERA was the second of three citizens killed by gunfire at the hands of the BROWNSVILLE POLICE DEPARTMENT during the 2000 calendar year.

27. The unreasonable use of deadly force by the OFFICERS against DAVID OLVERA resulted from the unreasonable policies, procedures, practices, usage and customs of the BROWNSVILLE POLICE DEPARTMENT and the CITY OF BROWNSVILLE.

## CAUSES OF ACTION

28. The force utilized by the Defendant OFFICERS was excessive and, thus, constituted the unreasonable seizure of DAVID OLVERA in violation of the Fourth Amendment to the Constitution of the United States of America.

29. The Defendant OFFICERS' actions deprived DAVID OLVERA of life without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States of America.

30. The deprivation of rights guaranteed DAVID OLVERA under the Constitution of the United States of America resulted from the unreasonable policies, procedures, practices, usage and customs of the BROWNSVILLE POLICE DEPARTMENT and the CITY OF BROWNSVILLE and reflect a deliberate indifference on the part of these

5

defendants to the constitutional rights of the citizens with whom the police come into contact.

## CLAIMS FOR RELIEF

31. All of the damages incurred by the Plaintiffs were the direct and foreseeable consequence of the Defendants acts and omissions.

32. Plaintiffs MARY OLVERA, JACLYN OLVERA, DEBBIE OLVERA and IRIS OLVERA seek compensatory damages from all Defendants for their past, present and future pain, suffering and mental anguish incurred as a result of the death of their husband and father.

33. Plaintiffs also seek compensatory damages from all Defendants for the loss of companionship, love, society, support, services, advice and counsel that they would have received from their husband and father from the time of his untimely death throughout the remainder of his natural life expectancy.

34. MARY OLVERA, as representative of the estate of DAVID OLVERA, seeks compensatory damages from all Defendants for the pain, suffering, mental anguish and eventual death of DAVID OLVERA, as well as for all expenses incurred as a result of the injuries to and death of DAVID OLVERA.

35. Plaintiffs also seek punitive damages from the Defendant OFFICERS for their willful deprivation of DAVID OLVERA's constitutionally protected rights.

36. Plaintiffs further seek attorneys fees and experts fees from all Defendants.

## JURY TRIAL DEMAND

36. Plaintiffs respectfully demand a trial by jury.

6

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   PEDRO DOMINGUEZ, by and through his attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of Texas and has been assigned docket number __B-01-173__

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 11th day of October 2001.

Joe H. Hernandez, Jr.
Joe H. Hernandez, Jr., P.L.L.C.
955 E. Madison
Brownsville, TX 78520
(956) 548-1221

# WAIVER OF SERVICE OF SUMMONS

TO:  PEDRO DOMINGUEZ, by and through his attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

I, Juan Jose Trevino, acknowledge receipt of your request that I waive service of summons in the action of *Mary Olvera, et al. v. Juan Jose Trevino, et al.*, which is case number _____ in the United States District Court for the Southern District of Texas

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after October 11, 2001.

_____          _____
Date                             Signature

                                 _____
                                 Printed/typed name

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought ill an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   JUAN MANUEL SALINAS, by and through his attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of Texas and has been assigned docket number **B-01-173**

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 11th day of October 2001.

_____
Joe H. Hernandez, Jr.
Joe H. Hernandez, Jr., P.L.L.C.
955 E. Madison
Brownsville, TX 78520
(956) 548-1221

# WAIVER OF SERVICE OF SUMMONS

TO:     JUAN MANUEL SALINAS, by and through his attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

I, Juan Jose Trevino, acknowledge receipt of your request that I waive service of summons in the action of *Mary Olvera, et al. v. Juan Jose Trevino, et al.*, which is case number _____ in the United States District Court for the Southern District of Texas

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after October 11, 2001.


_____          _____
Date                            Signature


                                _____
                                Printed/typed name


### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought ill an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   JUAN JOSE TREVINO, by and through his attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of Texas and has been assigned docket number B-01-173

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 11th day of October 2001.

_____
Joe H. Hernandez, Jr.
Joe H. Hernandez, Jr., P.L.L.C.
955 E. Madison
Brownsville, TX 78520
(956) 548-1221

# WAIVER OF SERVICE OF SUMMONS

TO: JUAN JOSE TREVINO, by and through his attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

I, Juan Jose Trevino, acknowledge receipt of your request that I waive service of summons in the action of *Mary Olvera, et al. v. Juan Jose Trevino, et al.,* which is case number _____ in the United States District Court for the Southern District of Texas

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after October 11, 2001.

_____     _____
Date                                                              Signature


                                                      _____
                                                      Printed/typed name


### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  CITY OF BROWNSVILLE, by and through its attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of Texas and has been assigned docket number B-01-173.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 11th day of October 2001.

Joe H. Hernandez, Jr.
Joe H. Hernandez, Jr., P.L.L.C.
955 E. Madison
Brownsville, TX 78520
(956) 548-1221

# WAIVER OF SERVICE OF SUMMONS

TO: CITY OF BROWNSVILLE, by and through its attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

I, Juan Jose Trevino, acknowledge receipt of your request that I waive service of summons in the action of *Mary Olvera, et al. v. Juan Jose Trevino, et al.*, which is case number _____ in the United States District Court for the Southern District of Texas

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after October 11, 2001.

_____    _____
Date                                         Signature

                                             _____
                                             Printed/typed name

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought ill an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: BROWNSVILLE POLICE DEPARTMENT, by and through its attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of Texas and has been assigned docket number B-01-173

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 11th day of October 2001.

_____
Joe H. Hernandez, Jr.
Joe H. Hernandez, Jr., P.L.L.C.
955 E. Madison
Brownsville, TX 78520
(956) 548-1221

# WAIVER OF SERVICE OF SUMMONS

TO: BROWNSVILLE POLICE DEPARTMENT, by and through its attorney of record, George C. Kraehe, International Plaza, Suite 460, 3505 Boca Chica Blvd., Brownsville, TX 78521

I, Juan Jose Trevino, acknowledge receipt of your request that I waive service of summons in the action of *Mary Olvera, et al. v. Juan Jose Trevino, et al.*, which is case number _____ in the United States District Court for the Southern District of Texas

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after October 11, 2001.

_____        _____
Date                                   Signature

                                       _____
                                       Printed/typed name

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought ill an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.