4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 4 2001

Michael N. Milby
Clerk of Court

MARY OLVERA, individually and as §
representative of the estate of DAVID OLVERA, §
deceased, and next friend of JACLYN OLVERA, §
DEBBIE OLVERA, and IRIS OLVERA §
minor children, §
          Plaintiff, §
§
VS. §
§
§
JUAN JOSE TREVIÑO, PEDRO DOMINGUEZ, §
and JUAN MANUEL SALINAS, individually §
and in their official capacities as police officers, §
the BROWNSVILLE POLICE DEPARTMENT, §
and the CITY OF BROWNSVILLE, §
          Defendants. §

CIVIL ACTION NO. B-01-173

(JURY REQUESTED)

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

      COME NOW Juan Jose Treviño, Pedro Dominguez and Juan Manuel Salinas, individually and in their official capacities as police officers, the Brownsville Police Department, and the City of Brownsville, Defendants in the above-styled and numbered action, and file this their Original Answer to Plaintiffs' Original Complaint and in support thereof would show as follows:

### I.

### ORIGINAL ANSWER

    1.    Defendants deny all of Plaintiffs' allegations except to the extent expressly admitted herein.

1

2.    Defendants deny the allegations set forth in Paragraph 1 of Plaintiffs' Original Complaint and deny that Plaintiff is entitled to any of the relief sought.

3.    Defendants admit the jurisdiction and venue allegations set forth in paragraphs 2, 3, and 4 of Plaintiffs' Original Complaint.

4.    Defendants deny the allegations set forth at Paragraph 5 of Plaintiffs' Original Complaint.

5.    Defendants admit the allegations set forth at Paragraph 6 of Plaintiffs' Original Complaint.

6.    Defendants deny the allegations set forth at Paragraph 7 of Plaintiffs' Original Complaint.

7.    Defendants admit the allegations set forth at Paragraph 8 of Plaintiffs' Original Complaint.

8.    Defendants, after reasonable inquiry, have insufficient information at this time to either admit or deny the allegations set forth at Paragraph 9 of Plaintiffs' Original Complaint. Defendants admit that Defendants Treviño, Dominguez, and Salinas arrived at Plaintiffs' residence on the morning of October 1, 2000.

9.    Defendants deny the allegations set forth at paragraphs 10, 11, and 12 of Plaintiffs' Original Complaint.

10.    Defendants admit the allegations set forth at paragraphs 13 and 14 of Plaintiffs' Original Complaint.

11.    Defendants deny the allegations set forth at Paragraph 15 of Plaintiffs' Original Complaint.

12.    Defendants admit the allegations set forth at Paragraph 16 of Plaintiffs' Original

2

Complaint.

13.      Defendants deny the allegations set forth at paragraphs 17, 18, and 19 of Plaintiffs'
Original Complaint except to the extent, and only to the extent, that Plaintiffs allege that "all three
officers discharged their firearms in the direction of David Olvera." Defendants admit that "all three
officers discharged their firearms in the direction of David Olvera."

14.      Defendants admit the allegations set forth in Paragraph 20 of Plaintiffs' Original
Complaint.

15.    Defendants, after reasonable inquiry, have insufficient information at this time to either
admit or deny the vague and ambiguous allegations set forth at Paragraph 21 of Plaintiffs' Original
Complaint.

16.      Defendants deny the allegations set forth at Paragraph 22 of Plaintiffs' Original
Complaint.

17.      Defendants admit the allegations set forth at Paragraph 23 of Plaintiffs' Original
Complaint.

18.      Defendants deny the allegations set forth at paragraphs 24 and 25 of Plaintiffs'
Original Complaint.

19.      Defendants, after reasonable inquiry, have insufficient information at this time to
either admit or deny the allegations set forth at Paragraph 26 of Plaintiffs' Original Complaint.

20.      Defendants deny the allegations set forth at paragraphs 27 through 31 of Plaintiffs'
Original Complaint.

21.      Defendants agree that Plaintiffs seek certain relief in paragraphs 32, 33, 34, 35, and
36 of Plaintiffs' Original Complaint, but deny that Plaintiffs are entitled to any of the relief sought.

22.      Defendants admit that in Paragraph 36 of their Original Complaint, Plaintiffs seek

3

a trial by jury in this action.

## II.

## AFFIRMATIVE DEFENSES

23.     Defendants Treviño, Dominguez, and Salinas, to the extent they are sued in their

individual capacities, are entitled to a good-faith, qualified immunity for all claims alleged against

them as set out in Plaintiffs' Original Complaint under the federal doctrine of qualified immunity.

Accordingly, Defendants are entitled to qualified immunity for all federal claims alleged herein.

24.     Plaintiffs have failed to show that a policy statement, ordinance, regulation, or

decision officially adopted and promulgated by the City of Brownsville can be causally related to

the allegedly unconstitutional conduct of the employees as required under *Monell v. New York City*

*Dept. of Social Servs.*, 436 U.S. 685, 693 (1978).

25.     Plaintiffs are not entitled to attorney's fees because Plaintiffs are not a prevailing

party.

26.     Defendants would show that Defendant Brownsville Police Department is not a

"person" for purposes of 42 U.S.C. § 1983 and thus may not be sued under that statute.

27.     Defendants would further show that the use of force alleged in Plaintiffs' Original

Complaint was necessary under the circumstances and was in every way constitutional under

constitutional standards applicable at the time of the incident made the basis of this lawsuit.

## III.

## RESERVATIONS

28.     Without waiving the foregoing denials and affirmative defenses, but still insisting

upon the same for further answer if any need be necessary, and as separate defenses, Defendants

reserve the right to file any and all cross-actions, third-party actions, counter-claims, motions, and

4

discovery as they may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendants, Juan Jose Treviño, Pedro Dominguez and Juan Manuel Salinas, individually and in their official capacities as police officers, the Brownsville Police Department, and the City of Brownsville, pray that upon final trial and hearing hereof, Plaintiffs take nothing by their suit, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on October 24, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
       George C. Kraehe
       State Bar No. 00792631
       USDC Adm. No. 19355

       Charles Willette, Jr.
       State Bar No. 21509700
       USDC Adm. No. 1937

Attorneys for Defendants

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2001, a true and correct copy of the above and foregoing has been served on all counsel of record via hand delivered as hereinbelow noted:

Joe Hernandez
Ball & Weed
745 E. Mulberry, Suite 500
San Antonio, Texas 78212

Ms. Angela Nix
ATTORNEY AT LAW
955 East Madison Street
Brownsville, Texas 78520

George C. Kraehe